### BYRD et al. v. OLMSTEAD.

PER CURIAM. 1. The evidence did not authorize the court to direct a verdict in behalf of the plaintiff for the land in dispute.

(a) Documents not included in the approved, brief of evidence, nor referred to therein and attached as exhibits, can not be considered.

(b) There was no sufficient assignment of error on the ruling of the court in excluding evidence, the evidence excluded not having been set out in the motion for a new trial, nor attached thereto as an exhibit.

*Judgment reversed. All the Justices concur.*

No. 357.   FEBRUARY 13, 1918.

Complaint for land.   Before Judge Sheppard.   Liberty superior court.   March 20, 1917.

*B. A. Way* and *O. C. Darsey,* for plaintiffs in error.

*S. B. Brewton,* contra.

---

### CHASTAIN et al. v. CORN.

HILL, J. 1. Where a grantor for a valuable consideration conveyed a fee-simple estate in land and delivered possession to the grantee, subject to conditions subsequent, and thereafter conveyed the same property by warranty deed to a third person, and suit was brought by the grantee in the first deed (who had removed from the land) to recover the land then in possession of successors in title of the grantee in the second deed, the fact that the grantor made the second deed will not raise a presumption sufficient to establish a re-entry by the grantor and a forfeiture of the title conveyed by the first deed. As this ruling is controlling as to any question of forfeiture affecting the case, it is unnecessary to decide whether the conditions set forth in the deed applied only to the *use* of the land by the grantee during the life of the grantor, or attached to the fee itself.

2. The grantee in the first deed, which was duly recorded prior to the execution of the second, was entitled, under the evidence, to a direction of a verdict in his favor.

*Judgment affirmed. All the Justices concur.*

No. 368.   FEBRUARY 13, 1918.

Ejectment.   Before Judge Wright.   Chattooga superior court. March 13, 1917.

*C. D. Rivers,* for plaintiffs in error.

*Wesley Shropshire,* contra.